UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WILLIAM EUGENE DRUMMOND  )  <br>    Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> CHRIS WATKINS *et al.*,  ) <br>    Defendants.  ) | Case No. 25-1413 |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Motions for Leave to File an Amended Complaint (Docs. 3, 4) filed under 42 U.S.C. § 1983 by Plaintiff William Eugene Drummond, a detainee at the Peoria County Jail ("Jail"). Plaintiff also filed Motions for Counsel (Doc. 8).

**I.  Complaint**

    **A. Screening Standard**

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. Upon reviewing the complaint, the Court accepts the factual allegations as accurate, construing them liberally in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Motions for Leave and Facts Alleged**

Plaintiff's Motion for Leave to file an Amended Complaint (Doc. 4) is granted, but his earlier filed Motion for Leave to file an Amended Complaint (Doc. 3) is denied as duplicative. The Clerk of the Court is directed to docket Plaintiff's Amended Complaint (Doc. 4).

Plaintiff's amended pleading names the following officials: Sheriff Chris Watkins, John and Jane Doe Doctors, John and Jane Doe Nurses, the Jail, and the State of Illinois.

On August 20, 2025, Plaintiff informed the medical staff he had a preexisting chipped bone in his knee and was experiencing excruciating pain in his leg and knee caused by his arrest earlier that day. Two days later, Plaintiff informed medical that his condition was causing him increased pain. Plaintiff was told that he would only receive Tylenol until the physician could examine him. On September 15, 2025, Plaintiff's mother delivered Plaintiff's prescription drugs for his rheumatoid arthritis that the medical staff refused to administer until a physician saw Plaintiff. On September 17, 2025, Nurses Cara and Kristen informed Plaintiff that Dr. Duran would only prescribe Tylenol and refused to provide Plaintiff further care for his existing pain. (Pl. Amend. Compl., Doc. 4 at 5-6.)

**C. Analysis**

To prevail on a claim alleging inadequate medical care, a pretrial detainee must prove three elements: (1) the medical condition is or was objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly concerning the consequences of

his actions; and (3) the defendant's actions were objectively unreasonable—that is, not rationally related to a legitimate governmental objective. *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019); *see also Bell v. Blaesing*, 844 F. App'x 924, 925 (7th Cir. 2021) ("[A]s a civil detainee, [the plaintiff] needed to plead only that [the defendant's] care was objectively unreasonable rather than deliberately indifferent.").

Construing Plaintiff's account as accurate, the Court concludes that Plaintiff's account is sufficient to state an Eighth Amendment deliberate indifference to serious medical needs claim against nurses Cara and Kristen, even though Plaintiff did not specifically name them as Defendants. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (advising that Courts must "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers"). If Plaintiff did not intend to include Defendant Cara and Kristen, he may file a Motion to dismiss them as parties.

Plaintiff's account is also sufficient to state a Fourteenth Amendment medical care claim against the Doe Defendants. However, the Court informs Plaintiff that service of process cannot occur on a Doe Defendant. Thus, after the identified Defendants have been served and filed their Answer, the Court will enter a Scheduling Order that guides Plaintiff's responsibilities in identifying the Doe Defendants during the discovery period, among other issues, and filing a motion to substitute the Doe Defendants' real identities before the imposed deadlines expire.

To the extent Plaintiff intended to name Dr. Duran as a party, his account does not establish that Dr. Duran examined Plaintiff or that Dr. Duran informed Plaintiff he would

only prescribe Tylenol. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights."). Similarly, Plaintiff does not state a claim against Defendant Watkins as he does not provide any facts that establish or permit the inference that he violated Plaintiff's constitutional rights. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Plaintiff also fails to state a claim against the Jail. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (concluding that a building, such as a jail or correctional facility, cannot be sued under § 1983). "Illinois is protected against civil suits in federal court by two relevant doctrines." *Murphy v. Smith*, 844 F.3d 653, 656 (7th Cir. 2016). "First, the 'Eleventh Amendment immunizes unconsenting states from suit in federal court.'" *Id.* (quoting *Benning v. Bd. of Regents of Regency Univs.*, 928 F.2d 775, 777 (7th Cir. 1991)). "Second, an Illinois statute provides, with exceptions not relevant here, that 'the State of Illinois shall not be made a defendant or party in any court.'" *Id.* (quoting 745 ILCS 5/1). Thus, Plaintiff does not state a claim against the State of Illinois.

II.    **Counsel**

Plaintiff moves for the recruitment of counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request

counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendants have been served and filed their answers to Plaintiff's Complaint, which usually takes sixty days, the Court will enter a scheduling order to provide guidance and deadlines to assist Plaintiff during the discovery process. Therefore, Plaintiff's Motion for Counsel (Doc. 8) is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Doc. 8) and Motion for Leave to File an Amended Complaint (Doc. 3) are DENIED.**

2) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 4) is GRANTED. The Clerk of the Court is DIRECTED to docket Plaintiff's Amended Complaint, add Defendant nurses Cara and Kristen as parties, and terminate Chris Watkins, the Peoria County Jail, and the State of Illinois as Defendants.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states a Fourteenth Amendment lack of medical care claim against Defendant nurse Cara and Kristen, and the Doe Doctors and Nurses. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the**

Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive deadlines.

6) If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

7) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. An answer sets forth the Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Court. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel files an appearance and the Court enters a scheduling order, which will provide more detailed information about the discovery process.

9) Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

11) If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days

after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

12) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

13) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED February 2, 2026.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
